Jeffrey J. Hepworth, ISB No. 3455
J. Grady Hepworth, ISB No. 10364
HEPWORTH LAW OFFICES
2229 W. State Street
P.O. Box 2815
Boise, ID 83701-2815
Telephone: (208) 333-0702
Facsimile: (208) 246-8655
courtservice@idalawyer.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARTHA HENDERSON, an individual, PERRY MERKEL, an individual, | Case No. 1:22-cv-00164 |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| ANTHEM INSURANCE COMPANIES, INC., ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, ANTHEM LIFE INSURANCE COMPANY OF CALIFORNIA, and JOHN DOE CORPORATIONS I-X, unknown individuals or business entities, | |
| Defendants. | |

COMES NOW the Plaintiffs Martha Henderson ("Henderson") and Perry Merkel ("Merkel"),

by and through their counsel of record, Hepworth Law Offices, and for causes of action against the

above-captioned defendants for failure to provide Plan and Claim materials pursuant to 29 U.S.C. §

1132(a)(1)(A), (c)(1).

COMPLAINT
- 1

**JURISDICTION AND VENUE**

1.    This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) for federal

question jurisdiction regarding Plaintiff's ERISA claim arising under 29 U.S.C. § 1132 *et seq*.

2.    Venue is proper in the United States District Court for the District of Idaho pursuant to 28

U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2) because the acts and omissions which form the

basis of this complaint occurred in the State of Idaho where Henderson and Merkel reside and

seek benefits, and where Anthem Blue Cross Life And Health Insurance Company, Anthem

Insurance Companies, Inc., and/or John Doe Corporations are registered and doing business with

minimum contacts.

**PLAINTIFFS**

3.    Martha L. Henderson is a resident of City of Boise, Ada County, Idaho. Henderson is

currently 61 years old, medically disabled,  and a participant and beneficiary of a group medical

plan offered through her employer, Chevron Corporation, known as the Chevron Medical PPO

Plan ("The Plan"). The Plan is an "employee welfare benefit plan" as defined under 29 U.S.C. §

1002(1). Henderson also receives indirect benefits by and through her husband's participation

under the Plan as a spouse/dependent.

4.    Perry Merkel is a 73-year-old resident of City of Boise, Ada County, Idaho, and is married to

Martha Henderson. Merkel participates in the Chevron Medical PPO Plan ("The Plan") as a

spouse/dependent.

**DEFENDANTS**

5.    Defendants Anthem Blue Cross Life and Health Insurance Company and Anthem Blue Cross

of California are believed to be wholly owned subsidiaries of Anthem Insurance Companies, Inc.

COMPLAINT
- 2

(collectively "Anthem"). Anthem is an insurance company registered and doing business in the State of Idaho. Anthem's corporate headquarters are believed to be at 220 Virginia Ave, Indianapolis, IN 46204-3709. Anthem is a Sponsor, Administrator, and/or Named Fiduciary of The Plan, and therefore is a "party of interest" as defined by 29 U.S.C. § 1002(14).

6.      John Doe Corporations I – X are corporations or subsidiaries who may have issued insurance policies covering Chevron Corporation employees, or otherwise may be affiliates, subsidiaries, aliases, or assignees of Anthem Blue Cross Life and Health Insurance Company and/or Anthem Blue Cross of California, but whose true names are unknown at this time. John Doe Corporations are also "part[ies] of interest" under 29 U.S.C. § 1002(14).

## **FACTUAL BACKGROUND**

7.      Henderson is an inactive employee of Chevron Corporation. In 2010, Henderson became medically disabled and was no longer able to work. Henderson receives long-term disability under an employer-paid benefits plan. Henderson remains a participant and beneficiary of the Chevron Medical PPO Plan ("the Plan") for medical insurance coverage. Henderson is also eligible and receives medical benefits through Medicare.

8.      Merkel is a Plan beneficiary as the spouse/dependent of Henderson. Merkel is also eligible and receives medical coverage through Medicare.

9.      Pursuant to the Plan, Henderson's and Merkel's eligibility for Medicare due to age and/or disability requires Medicare to become the "primary payer" for Henderson and Merkel. However, Henderson and Merkel are eligible to remain enrolled under the Plan as a secondary payer.

10.     Between approximately 2012 and 2016, the Plan was administered by entities other than

COMPLAINT
- 3

Anthem under a "Crossover Benefit" wherein Medicare fulfilled its coverage obligations first, with remaining balances submitted for secondary payment under the Plan.

11.     On or about January 1, 2017, Anthem became the Plan's designated Claims Administrator.

12.     Beginning in approximately December 2018, however, Henderson began receiving adverse claims decisions from Anthem as the Plan's designated claims administrator. Without prior notice or explanation, Anthem began applying arbitrary and capricious administration standards to Henderson's medically necessary care. Anthem's arbitrary and opaque claims administration procedures began to interfere with Henderson's ongoing and medically necessary treatment.

13.     In approximately January 2019, Merkel also began receiving adverse claims administration. Initially, Anthem removed Merkel entirely from Plan coverage. Merkel and Henderson were required to engage in months of communications and negotiations to finally return Merkel's coverage under the Plan. When coverage returned, Anthem began applying arbitrary and capricious administration standards to Merkel's medically necessary care as well.

14.     In each instance when Henderson and Merkel received medically necessary treatment or care, their medical providers submitted claims to Medicare as the primary coverage provider. After write-downs and contributions, Medicare typically pays about 80% of the cost for the medical care received.

15.     After Medicare pays its portion of the medical expenses, Medicare submits the remaining costs to Anthem as the secondary payer. Problematically, Anthem in many instances refuses to remit payment as secondary payer. Upon information and belief, Anthem improperly denied payments (in whole or in part) because Anthem erroneously considered some of Henderson's and Merkel's medical providers to be "Out-of-Network" instead of "In-Network." In other

COMPLAINT
- 4

instances, Anthem arbitrarily sets their "price allowance" to match Medicare's, in order to not pay any additional coverage, including coinsurance after meeting their deductible, leaving Henderson and Merkel with the remaining bill.

16.     Whether a medical provider is "In-Network" or "Out-of-Network" affects Henderson's and Merkel's "annual out-of-pocket" deductible, as well as the amount of coverage per claim. For example, Henderson and her husband's out-of-pocket expenses are capped at $10,000.00 for "In-Network" providers but are capped at $20,000.00 (double) for "Out-of-Network" providers. Similarly, in the case of diagnostic lab tests or x-rays, the Plan covers 80% of contracted  rates after deductibles for "In-Network" services, but only 60% of maximum allowable amounts after deductible for "Out-of-Network" services. The percentage of coverages, deductibles, and applicable co-pays differ depending on the medical services received.

17.     In order to maximize their medical coverage, Henderson and Merkel intentionally seek treatment from local "In-Network" Blue Cross providers.

18.     Upon information and belief, Anthem processes Henderson and Merkel's claims through the Anthem Blue Cross of California subsidiary, rather than forwarding Merkel and Henderson's claims to the local Blue Cross office for pricing and processing or allowing Merkel and Henderson's providers to submit claims directly to the local Blue Cross office. Addionally, the Anthem online member portals for Merkel and Henderson consistently and continuously code Merkel and Henderson's "In-Network" claims as "Out-of-Network."

19.     Since approximately January 2019, Henderson and Merkel have been in regular communication with Anthem to determine the justification for the company's inconsistent claims administration.

COMPLAINT
- 5

20.     After approximately one year of unsuccessfully attempting to work directly with Anthem's

administrative agents, Henderson and Merkel filed a claim with the United States Department of

Labor Employee Benefits Security Administration. The United States Department of Labor

("DOL") issued at least four demand letters on behalf of Henderson and Merkel to Anthem,

dated March 25, 2020 and July 29, 2020, August 28, 2020, and November 30, 2020.

21.     The DOL's letters identified at least eight incorrectly processed claims on behalf of Merkel,

including four (4) from provider Treasure Valley Dermatology/Dustin Portela, at least three (3)

from provider Ada Vision Center/Amber Simonson & Russell Gray, and one (1) from St. Luke's

Regional Medical Center/Cynthia Tremblay. The DOL identified each provider as being "In-

Network" under the Plan.

22.     The DOL's letters identified dozens of claims it identified that had been processed

incorrectly on behalf of Henderson, including fifty-seven (57) claims by provider Mind, Body,

and Soul Physical Therapy/Melanie Michaels; at least one (1) claim by provider Treasure Valley

Dermatology/Mariya Ostermiller; and at least one (1) claim by provider Intermountain Medical

Imaging/Benjamin Hom and Michael Modica. The DOL identified each of the three providers as

being "In-Network" under the Plan.

23.     Henderson received a letter responsive to the DOL letters dated November 19, 2020 from

Anthem. The letter acknowledged "My review confirmed that Michael J. Modica, Intermountain

Medical Imaging, Benjamin K. Hom, Mariya Ostermiller and Melanie B. Michaels are in-

network with your plan[.]" But the letter continued, "however, Treasure Valley Dermatology and

Mind Body Soul Physical Therapy are out-of-network with your plan."

24.     Anthem's letter is inconsistent because Melanie B. Michaels was the provider whom treated

COMPLAINT
- 6

and billed Anthem from Mind Body Soul Physical Therapy. Similarly, Mariya Ostermiller provided treatment at Treasure Valley Dermatology.

25.     The letter indicated that Anthem had decided to "reprocess" and "overturn previous coverage decision" on some, but not all claims. Anthem promised to send a new Explanation of Benefits once the claims were reprocessed and finalized.

26.     Merkel received a letter responsive to the DOL letters from Anthem dated January 20, 2021. Like Henderson's November 19, 2020 letter, Anthem's January 20, 2021 letter contained confusing inconsistencies. Anthem's letter confirmed "Dustin Portela, Amber Simonson, Russell Gray, Cynthia Tremblay and St Luke's Regional Medical are in-network[.]" But the letter continued, "however, Treasure Valley Dermatology and ADA Vision Center are out-of-network with your plan." Anthem's explanation is confusing because Amber Simonson and Russell Gray provided treatment at Ada Vision Center, and Dustin Portela provided treatment at Treasure Valley Dermatology.

27.     Unlike Henderson's claim, Anthem denied Merkel's appeal in its entirety.

28.     Given the confusing language of Anthem's letters to Henderson and Merkel, it is unclear which claims Anthem was processing "In-Network" or whether some claims were still being processed "Out-of-Network." Merkel and Henderson only received treatment from "In-Network" providers.

29.     Given the ongoing inconsistencies, Henderson retained legal counsel to pursue a second appeal. Attorney Kylie L. Madsen appealed Anthem's decision via written letter dated February 9, 2021. Henderson specifically requested an Explanation of Benefits to determine how the claims were being coded as "In-Network" or "Out-of-Network."

COMPLAINT
- 7

30.     Henderson received a letter from Anthem dated March 10, 2021. Anthem asserted that

Henderson's providers were to blame for the confusion, alleging that the providers' submitted

Tax Identification numbers listed as "out-of-network." However, Anthem claimed that despite

being labeled "Out-of-Network," the claims were actually being processed as "In-Network." No

verification was provided to Henderson to support Anthem's assertion.

31.     On March 30, 2021, Henderson and Merkel, by and through counsel, sent a joint request for

voluntary second level appeal. The letter also included a demand for plan documents and

Henderson's and Merkel's respective claim files pursuant to 29 U. S. C. § 1024 (ERISA section

104) and 29 C.F.R. 2520.104b-1(a).

32.     Henderson received a letter dated April 12, 2021. It merely referenced the prior October 21,

2020 and November 19, 2020 letters.

33.     Merkel received a letter dated April 29, 2021 denying his appeal. Anthem's letter did not

provide any plan documents or explanations of benefits as requested pursuant to 29 U. S. C.A. §

1024 and 29 C.F.R. 2520.104b-1(a).

34.     Henderson and Merkel, through counsel, sent another demand to obtain Plan documents and

their claim file pursuant to 29 U. S.C. § 1024 dated June 4, 2021.

35.     Henderson received a letter dated June 23, 2021 from Anthem that provided conclusory

summaries of the Plan language but did not provide any underlying documents to confirm

Henderson or Merkel's claims were properly being coded "In-Network." The letter did not

reference the appeal for Merkel's documents.

36.     Anthem sent another letter to Henderson dated July 9, 2021 stating it had received

Henderson's request to "provide access to the policy documentation that was reviewed in

COMPLAINT
- 8

consideration of your previous appeal requests. . . ." The letter concluded "You will receive copies shortly as part of a separate correspondence."

37.    Neither Henderson nor Merkel received copies of the requested claim documents. Henderson and Merkel, by and through counsel, sent another demand letter dated September 27, 2021.

38.    Henderson and Merkel received two nearly identical letters from Anthem dated October 7, 2021. The letters indicated that Henderson and Merkel had exhausted all appeals and that Anthem refused to reconsider its prior decisions. The letter claimed "[w]e have supplied and answered all the requested information as it relates to this appeal." However, no documents or Explanations of Benefits were provided.

39.    On December 7, 2021, Henderson and Merkel, by and through counsel, prepared a more detailed demand letter pursuant to 29 U. S. C. § 1024 and 29 C.F.R. 2520.104b-1(a) to acquire their Plan documents and the underlying claim file from Anthem. USPS tracking confirmed it was delivered and received by Anthem on December 15, 2021. To date, Henderson and Merkel have not received any response to their demand for Plan documents and claims procedures.

40.    Henderson and Merkel continue to receive necessary medical treatment from the same providers. Henderson and Merkel's medical providers, such as Melanie Michaels, continue to receive documents labeling them as "Out-Of-Network," including as recently as January 5, 2022.

41.    Henderson and Merkel have suffered damages in the form of attorney fees and expenses related to procuring Plan documents and claim file information that they have requested since March 30, 2021.

COMPLAINT
- 9

## COUNT I
## VIOLATION OF ERISA, SECTION 502(a), 29 U.S.C. § 1132(a)(1)(A)

42.     Henderson and Merkel incorporate all information set forth in this complaint as if restated herein.

43.     The Plan is an "employee welfare benefit plan" governed by ERISA § 3(1), 29 U.S.C. § 1002(1).

44.     Henderson and Merkel served formal written requests to obtain Plan documents and claim materials pursuant to ERISA section 104(b) and 29 C.F.R. 2520.104b-1 on March 30, 2021, June 4, 2021, September 27, 2021, and December 7, 2021.

45.     More than thirty (30) days has passed since Henderson's and Merkel's written requests for Plan documents and claim materials.

46.     Henderson and Merkel seek injunctive relief for production of their entire claim file, including all claims materials including Plan documents, claims manuals, procedure manuals, summary statements, and Explanation of Benefit statements demonstrating how Anthem is coding the ongoing medical claims.

47.     Henderson requests that this Court grant payment of $100.00 per day from Anthem's April 29, 2021 denial letter until the date all documents are received pursuant to 29 U.S.C. § 1132(c)(1).

48.     Merkel  requests that this Court grant payment of $100.00 per day from Anthem's April 29, 2021 denial letter until the date all documents are received pursuant to 29 U.S.C. § 1132(c)(1).

49.     Henderson and Merkel have been required to obtain an attorney for purposes of prosecution of this action and are therefore entitled to recover reasonable attorneys' fees and costs against the Defendants pursuant to 29 USC § 1132(g)(1), and as otherwise allowed under Fed. R. Civil

Procedure 54(d)(2). A reasonable attorney's fee is $400.00 per hour for all time incurred litigating this dispute.

50.     Henderson and Merkel seek further discretionary and/or injunctive relief as may become necessary or deemed appropriate by this Court.

## ATTORNEY'S FEES AND EXPERT WITNESS FEES

51.     Henderson and Merkel have been required to obtain attorneys for purposes of prosecution of this action and are therefore entitled to recover reasonable attorney's fees and costs against the Defendants pursuant to 29 USC § 1132(g)(1), and as otherwise allowed under Fed. R. Civil Procedure 54(d)(2). A reasonable attorney's fee is $400.00 per hour for all time incurred litigating this dispute.

## PRAYER FOR RELIEF

WHEREFORE, Henderson and Merkel respectfully pray for judgment against Defendants as follows:

a)     Production of all Plan documents and claim file materials;

b)     Payment of $100.00 per day for both Merkel and Henderson from April 29, 2021 until such date as all Plan documents and claims materials are produced;

c)     Reprocessing of any and all claims that were provided by "In-Network" medical providers, but were coded as "Out-of-Network;"

d)     Declaratory and/or injunctive relief ordering future treatment from "In-Network" providers to be properly processed and coded;

e)     An award of pre-judgment and post-judgment interest, pursuant to 28 U.S.C. § 1961 and I.C. § 28-22-104, or other applicable law;

COMPLAINT
- 11

f)      For an award of court costs, attorney fees, and expert witness fees pursuant to 29

USC § 1132(g)(1), Federal Rule of Civil Procedure 54(d); and

g)      For such other and further relief as the Court deems just and appropriate.


DATED this 13th day of April 2022.

HEPWORTH LAW OFFICES

By____*J. Grady Hepworth*_____

Jeffrey J. Hepworth
J. Grady Hepworth
*Attorneys for Plaintiffs Henderson and Merkel*

COMPLAINT
- 12